It does not appear to be necessary on this appeal to determine whether the plaintiffs were under a legal obligation to accept the note in question, when tendered by Benedict Co. in payment for the rags; or assuming that they were, in whom was the title to the note after the tender? The fact is manifest upon the evidence, that Benedict Co. thereafter considered and treated the note as the plaintiffs', and professed to hold it for the plaintiffs' benefit down to the time of their agreement of sale of the note, with other notes, to William H. Leggett; claiming that by the tender of it to the plaintiffs, in pursuance of their agreement with them, it became the plaintiffs' property, and that the demand for the rags was satisfied; and there is nothing in the agreement of sale to Leggett showing an intention of Benedict Co. to take any different position in regard to the note. That agreement, in terms, provides that nothing contained in it "shall in any way be construed into or in any manner operate as such an absolute assignment or transfer of our interest in the said notes as may in any event interfere with or prevent any disposition or appropriation of the same by us as may be necessary or advisable for the purpose above specified;" and that in case it should be necessary for Benedict Co., or for their *Page 587 
interest, to make the appropriation or application of the notes, the consideration received from Leggett should be returned to him. The consideration received was thirty cents on a dollar; and Benedict Co. expressly refused to sell the note absolutely for that, stating, as the reason that the note was the property of the plaintiffs, and if they sold for thirty cents they should thereby assume seventy cents, the amount of the discount. This agreement plainly reserves the right of disposition and appropriation of the note, as might be necessary or advisable in reference to past transactions with the plaintiffs; that is, if the plaintiffs would accept the note, to deliver it to them, and if not, to insist upon it, in connection with the tender, as a bar to the claim for the rags. There is no evidence that since this agreement Benedict Co. have taken any different ground in relation to the note; on the contrary, five or six months afterwards, James H. Benedict, one of the firm, on being applied to by Heuser, one of the plaintiffs, in reference to the claim for rags, told him the plaintiffs had no claim against the firm, and they had nothing to do with it, obviously referring to the tender of the note as a satisfaction of the claim. It is a fair conclusion, from all the evidence, that Benedict Co. were at all times willing that the plaintiffs should have the benefit of the note and control the same according to their pleasure, and that the former intended to and carefully did avoid doing anything which would interfere with any use of the note by the plaintiffs. They have always intended to insist upon the tender as a defence to the demand for the rags, and to hold the note before it was burned, and the right to it since, subject to the order and direction of the plaintiffs. Whether, therefore, the plaintiffs acquired a legal right to the note by the tender or not, as Benedict Co. subsequently treated the note and the claim upon it as the plaintiffs', they might accept it in payment for the rags, and enforce it; and the note having been destroyed by fire, no act was necessary *Page 588 
thereafter to indicate such acceptance prior to the commencement of the action. Benedict Co., by their acts and declarations, have treated the plaintiffs as the owners of the note; and the plaintiffs, by their action, recognize that view as correct, and assert their right. At the least, the defendants cannot complain of the plaintiffs' title while Benedict Co. do not. I see no ground of defence in reference to this point, or as to the liability of the defendants to the plaintiffs for the full amount of the note.
The proof of the destruction of the note, by burning, is clear; the statute (2 R.S., 406, §§ 75, 76) giving an action on a lost negotiable note or bill, upon security to the adverse party, is not applicable where the instrument is destroyed; and I think in the latter case a recovery may be had without giving security. A destroyed note cannot be in the hands of a bona fide holder, or be subsequently transferred to the prejudice of, or hazard of loss by, the defendant. (Hinsdale v. The Bank of Orange, 6Wend., 379; Rowley v. Ball, 3 Cow., 303.)
I am of opinion that the judgment should be affirmed.